UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEON BULLOCKS, JR., | Case No.: 2:09-cv-00542-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#21; Motion to Amend–#30) |
| CITY OF LAS VEGAS DETENTION CENTER, CHIEF DIRECTOR KAREN COYNE, MEDICAL PROVIDER JOHN DOE #1, | |
| Defendants. | |

  Before the Court is Defendants The City of Las Vegas Detention Center and Chief Director Karen Coyne's **Motion for Summary Judgment** (#21), filed March 30, 2010. The Court has also considered Plaintiff Leon Bullocks' Opposition (#23), filed April 13, 2010, and Defendants' Reply (#27), filed April 30, 2010.

  Also before the Court is Bullocks' **Motion to Amend Response to Motion** (#30), filed May 11, 2010. The Court has also considered Defendants' Opposition (#31), filed May 28, 2010.

**BACKGROUND**

  Plaintiff Leon Bullocks is a former inmate with the City of Las Vegas Detention Center, where he was incarcerated during most of 2008. According to Bullocks, he was assigned

to Unit One of the city jail for seventy-nine days of his incarceration. Bullocks alleges Unit One "operate[d] under faulty ventilation" and contained "unsafe dust particles and lint fibers" that caused him painful headaches, nasal irritation, and breathing problems. (Dkt. #3, Compl. 3.) Bullocks further claims he informed Defendants on a number of occasions about the poor air quality in his room, but that Defendants were unresponsive to his complaints.

The material facts in this case are undisputed. On July 25, 2008, after having been in Unit One for one week, Bullocks requested medication because of a headache that had been caused by "air vents or something" and by the fact that he recently had three teeth pulled. (Dkt. #21, Mot. Ex. A.) In response to this grievance, Defendants placed Bullocks on pain protocol. On August 3, Bullocks again complained of headaches and nosebleeds due to "poor ventilation" in his cell. Defendants subsequently supplied Bullocks with additional medication for this problem.

On August 5, 6, and 11, Bullocks again complained of headaches and—for the first time—requested that he be transferred to a different cell. Defendants responded to these complaints by informing Bullocks that if he wished to be transferred to a different unit, he needed to contact the classification committee. In addition, Defendants provided Bullocks with antibiotic ointment for his continued pain. On August 15, Bullocks submitted another medical request stating that he still had headaches as a result of the poor ventilation and dust in his cell. Defendants responded by providing Bullocks with additional medication.

On September 4, Bullocks submitted a grievance complaining about the dust in his cell. Defendants informed Bullocks that the air filters in his cell were serviced on a monthly basis and that he was responsible to keep his cell clean and dust free. Also on September 4, a corrections sergeant spoke with Bullocks in his cell. The sergeant determined that Bullocks had not cleaned his cell recently and that this was the reason his cell was dusty. Nonetheless, the sergeant ultimately determined that Bullocks should be transferred to Unit 4. According to Bullocks, Unit 4 was dust free and his medical problems ceased once he was placed there.

/

On August 4, 2009, Bullocks filed suit in this Court against Defendants and alleged claims under 42 U.S.C. § 1983 for violation of the Fifth, Eighth, and Fourteenth Amendments. On March 30, 2010, Defendants moved for summary judgment on Bullocks claims. Bullocks filed a response to Defendants' motion on April 13, and on May 11, he filed a request to amend his opposition to Defendants' motion. For the reasons discussed below, the Court grants Defendants' motion for summary judgment and denies Bullocks' motion to amend.

**DISCUSSION**

**I.     Motion for Summary Judgment**

A court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

The movant bears the burden of showing that there are no genuine issues of material fact. *Id.* "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the movant satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps.,*

1  *Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some
2  metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.
3  574, 586 (1986).

4  **II.   The Fifth Amendment, Eighth, and Fourteenth Amendments**

5      The Court considers Bullocks' constitutional claims as follows.

6      **A.   The Fifth Amendment**

7      Bullocks alleges Defendants violated his Fifth Amendment right to due process of
8  law by assigning him to a cell with dust and poor ventilation. This claim fails because the
9  defendants in this case—Karen Coyne and the City of Las Vegas Detention Center—are state
10 actors and therefore cannot be liable under the Fifth Amendment. *See Martinez-Rivera v. Sanchez*
11 *Ramos*, 498 F.3d 3, 8–9 (1st Cir. 2007) (holding that the Fifth Amendment applies only to the
12 federal government). Accordingly, the Court grants Defendants' motion for summary judgment as
13 to this claim.

14     **B.   The Fourteenth Amendment**

15     Bullocks also alleges Defendants violated his Fourteenth Amendment due process
16 rights. Unlike the Fifth Amendment, the Fourteenth Amendment applies to states. *Wolff v.*
17 *McDonnell*, 418 U.S. 539, 557–58 (1974). Under this Amendment, individuals are entitled to
18 procedural due process before a state may deprive them of a liberty or property interest. *Id.*
19 Although the due process clause applies to inmates, they are not entitled to the same protections as
20 other citizens. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate's liberty and property
21 interests are "generally limited to freedom from [deprivations that] impose . . . atypical and
22 significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* Prior to
23 suffering an "atypical and significant hardship," inmates are entitled to (1) advance written notice
24 of an alleged misdeed; and (2) a written statement as to the factual basis for the disciplinary action.
25 *Wolff*, 418 U.S. at 563.

26 /

AO 72
(Rev. 8/82)

1    Bullocks' Fourteenth Amendment claim fails because he does not allege that
2 Defendants took any disciplinary action against him.  Nowhere in Bullocks' complaint does he
3 claim that Defendants put him in a poorly ventilated cell in order to punish him for poor behavior.
4 Rather, Bullocks simply alleges he was assigned to Unit One and that the unit had bad circulation,
5 dust, and poorly functioning air vents.  Bullocks' claims against Defendants therefore do not relate
6 to the due process notice requirements, but rather to the fact that he was subjected to allegedly
7 poor living conditions.  This allegation must therefore be addressed under the Eighth Amendment
8 and not the Fourteenth Amendment.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 842
9 (1988) ("Where a particular amendment provides an explicit textual source of constitutional
10 protection" that amendment, rather than due process, serves as the guide for analyzing a plaintiff's
11 claims.).  Because Bullocks does not allege facts indicating that his due process rights were
12 violated, the Court grants Defendants' motion for summary judgment on this claim.

13    **C.    Eighth Amendment**

14    As noted previously, Bullocks claims Defendants violated his Eighth Amendment
15 rights when they placed him in a cell with dust and poor ventilation.  The Eighth Amendment,
16 which applies to states through the Fourteenth Amendment, prohibits the infliction of cruel and
17 unusual punishment.  *Robinson v. California*, 370 U.S. 660, 666 (1962).  It is widely held that
18 "[t]he unnecessary and wanton infliction of pain upon incarcerated individuals under color of law
19 constitutes a violation of the Eighth Amendment."  *Toguchi v. Chung*, 391 F.3d 1051, 1056–57
20 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  In order to
21 demonstrate unnecessary and wanton infliction of pain, an inmate must show (1) the punishment
22 was sufficiently serious to constitute a violation of the Eighth Amendment; and (2) prison officials
23 were deliberately indifferent to the harm caused to the plaintiff.  *Wilson v. Seiter*, 501 U.S. 294,
24 297 (1991).

25    Having reviewed all of the relevant evidence in this case, the Court concludes that
26 no genuine issue of material fact exists regarding whether Defendants violated Bullocks' Eighth

1   Amendment rights.  First, the Court is not convinced that being required to stay in a cell with poor
2   ventilation is "sufficiently serious" to constitute an Eighth Amendment violation.  *See id.*  But
3   even if such were the case here, the Court finds no evidence that Defendants were deliberately
4   indifferent to Bullocks' condition.  From the first time Defendants received a complaint from
5   Bullocks, they proscribed him pain medication for his headaches.  Furthermore, when Bullocks
6   first requested a new cell, Defendants told him to contact the classification committee.  Shortly
7   thereafter, Defendants transferred Bullocks to a new cell despite the fact that they concluded that
8   Bullocks had not been properly cleaning his cell.  In light of this undisputed evidence, the Court
9   concludes, as a matter of law, that Defendants were not deliberately indifferent to Bullocks'
10  condition.  Accordingly, the Court grants Defendants motion for summary judgment on Bullocks'
11  Eighth Amendment claim.

12  **III.    Bullocks' Motion to Amend**

13          After he submitted his opposition to Defendants' motion for summary judgment,
14  Bullocks filed a motion to amend seeking the Court's permission to file a new opposition based on
15  additional information he hoped to obtain through discovery requests that he had previously served
16  on Defendants.  At the same time he filed this request, Bullocks filed a request with Magistrate
17  Judge Foley requesting that discovery be re-opened so that he could obtain this information.  Judge
18  Foley denied this motion because Bullocks served his discovery requests on Defendants after the
19  discovery deadline had passed.

20          Because discovery has closed and because Judge Foley denied Bullocks' request to
21  re-open discovery, Bullocks cannot present any evidence that was not available to him when he
22  first opposed Defendants' motion for summary judgment.  Accordingly, the Court finds Bullocks
23  is not entitled to file another opposition, and it denies Bullocks' motion to amend.
24  /
25  /
26  /

6

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#21) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#30) is DENIED.

The Clerk of the Court is ordered to close this case.

Dated:   July 13, 2010.

_____
ROGER L. HUNT
**Chief United States District Judge**